

Opinions of the United
States Court of Appeals
for the Third Circuit

10-31-2002

# Delgado v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-1178

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Delgado v. Comm Social Security" (2002). *2002 Decisions.* Paper 693.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/693

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————————

No: 02-1178

———————————

MARK DELGADO,

Appellant

v.

*JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY
ADMINISTRATION

*(Pursuant to F.R.A.P. 43(c))

———————————————

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 00-cv-05689)
District Judge: Honorable Bruce W. Kauffman

———————————————

Submitted Under Third Circuit LAR 34.1(a)
on July 29, 2002

Before: BECKER, Chief Judge, ROTH
AND RENDELL, Circuit Judges

(Opinion filed: October 31, 2002)

———————————

ROTH, <u>Circuit Judge</u>:

Petitioner Mark Delgado appeals a judgment of the District Court of the Eastern District of Pennsylvania, dismissing his claim. Delgado applied for Disability Insurance Benefits in 1997, alleging that he had been disabled since 1992. At a hearing on his application, the Administrative Law Judge (ALJ) found that Delgado was not disabled. the Appeals Council denied review. Delgado then appealed to the District Court. The Magistrate Judge found that substantial evidence supported the ALJ's findings and granted the Commissioner's motion for summary judgment, and the District Court adopted the Magistrate Judge's Report and Recommendation. Delgado then appealed to this Court. Delgado argues the following issues on appeal: (1) the Commissioner's final decision denying Delgado's claim was not supported by substantial evidence, (2) the Commissioner denied Delgado a full and fair hearing on his claim, and (3) the District Court failed to apply the correct standard of review.[1]

---

[1]Delgado sets forth these three issues in the "Issues" section of his brief but fails to specifically address issues (2) and (3) in his "Legal Argument" section or give any legal support for these contentions. Because he briefly discusses the full and fair hearing and standard of review issues only within the context of the Commissioner's alleged lack of substantial evidence in the record, our review will be limited to the substantial evidence issue. To the extent that Delgado contends that he was denied a full and fair hearing by the District Court or that the District Court erroneously applied a de novo standard of review, we find no merit to these claims.

The District Court had jurisdiction pursuant to 42 U.S.C. § 405(g). We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. We have plenary review of all legal issues, Shaudeck v. Comm'r, 181 F.3d 429, 431 (3d Cir. 1999), and our review of the District Court Order is limited to determining whether the District Court properly found that there is substantial evidence to support the Commissioner's decision. See 42 U.S.C. § 405(g); Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999). Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Pierce v. Underwood, 487 U.S. 552, 564-65 (1988). It is "more than a mere scintilla but less than a preponderance" of the evidence. Plummer, 186 F.3d at 427.

We will not restate the facts of this case as they are well known to the parties.

Substantial Evidence For the Commissioner's Decision

Delgado alleges that the Commissioner's final decision denying his claim was not supported by substantial evidence. In such a claim for Disability Insurance Benefits, the Commissioner considers the following five-step sequential evaluation: (1) whether the claimant is engaging in work activity, (2) whether the claimant has a severe impairment, (3) whether the claimant's impairment meets or equals the requirements of a listed impairment, (4) whether the claimant has the ability to return to his past work, and (5) if not, whether the claimant can perform any other work. See 20 C.F.R. § 404.1520 (a)-(f). The claimant bears the burden of proof as to steps one through four; if he is able to make the requisite showing that he is unable to perform his previous work, then "the burden of

3

production shifts to the Commissioner, who must demonstrate the claimant is capable of performing other available work in order to deny a claim of disability." Plummer, 186 F.3d at 428 (citing § 404.1520(f)). We find that the Commissioner's denial of Delgado's claim was supported by substantial evidence.

The ALJ found that Delgado retained the residual functional capacity to perform sedentary work with a sit/stand option and was thus not disabled. Delgado sets forth three arguments in support of his allegation that the Commissioner's decision was not supported by substantial evidence. Initially, he claims that the ALJ erred in finding that his knee impairment did not meet or equal the criteria of Listing Section 1.03A. We agree with the District Court that there was substantial evidence on which the ALJ correctly found that Delgado's medical reports failed to meet the requirements of Listing 1.03A, as Delgado failed to provide x-ray evidence of the specific qualifying impairments required by the Listing and failed to prove that he had a marked limitation of his ability to stand or walk.[2]

Delgado next contends that the ALJ did not consider whether he had an impairment under Listing Section 1.03B as Delgado disputes that the evidence shows that he has returned to full-weight bearing. The record must contain sufficient explanation of the

---

[2]Under Listing section 1.03A, a claimant alleging arthritis of a major weight bearing joint must show a history of persistent joint pain and stiffness with signs of marked limitation of motion or abnormal motion of the affected joint on current physical examination, with gross anatomical deformity of the...knee supported by x-ray evidence of either significant joint space narrowing or significant bony destruction and markedly limiting ability to walk or stand. See 20 C.F.R. pt. 404, subpt. P, app. 1 (summarized herein).

evidence considered by the ALJ in order to provide the reviewing court with a basis for review. Shaudeck, 181 F.3d at 433. We agree with the District Court that there was substantial evidence on which the ALJ properly concluded that Delgado's knee impairment did not meet the requirements of Listing 1.03B, as the ALJ found that medical evidence showed that Delgado was capable of standing and walking unassisted for limited times such that there was no period of twelve-months in which he did not have full weight-bearing status.[3] Further, the mere fact that the ALJ did not explicitly refer to Listing 1.03B by name is insufficient to show that the ALJ did not weigh Delgado's impairment against its criteria.

Finally, Delgado claims that the ALJ did not follow the proper sequence of the five-step evaluation. He bases this allegation on the ALJ's alleged failure to correctly determine that Delgado's impairment was within the Listings, and the ALJ's alleged failure to sustain her burden of proof as to Delgado's ability to perform other work. We also find no merit to these claims. We have already determined that the ALJ correctly determined that Delgado's impairment was not within Listing 1.03. Further, medical evidence clearly indicated that Delgado was fit for sedentary work. For these reasons, we agree with the District Court that substantial evidence existed for the Commissioner to decide that Delgado was not disabled and was fit for sedentary work with a sit/stand option.

---

[3]Listing section 1.03B requires that a claimant show reconstructive surgery or surgical arthrodesis of a major weight-bearing joint and that return to full weight-bearing status did not occur, or was not expected to occur, within twelve months of onset. See 20 C.F.R. pt. 404, subpt. P, app. 1.

For the foregoing reasons, we will affirm the denial by the District Court of Delgado's Petition for Review.

_____

TO THE CLERK:

     Please file the foregoing Opinion.

     By the Court,


     /s/ Jane R. Roth

              Circuit Judge